**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CHRISTOPHER BURR,
JUSTIN HARRIS,
ANDREW JOHNSON, and
DOMINIQUE MOTTON,

Plaintiffs,

Case No.
Hon.

-vs-

KALAMAZOO COUNTY,
ROBERT ADAMS, in his individual and official capacities, and
HEATHER MITCAVISH, in her individual and official capacities,

Defendants.

---

ZACHARY T. RUNYAN (P83671)
**RUNYAN LAW GROUP**
Attorney for Plaintiffs
31211 Jefferson Avenue
St. Clair Shores, MI 48082
(248) 341-0794
zrunyan@runyanlawgroup.com

---

This case arises out of the same transaction and events as Case No. 25-cv-00962 assigned to Hon. Paul L Maloney. The case was dismissed without prejudice on October 16, 2025. The case also arises out of the same transaction and events as case No. 26-cv-00335, currently pending before the Hon Hala Y Jarbou

---

## PLAINTIFFS' COMPLAINT

NOW COME Plaintiffs, by and through their attorneys, **Runyan Law Group**, and for their Complaint against the above-named Defendants, state as follows:

## JURISDICTION & VENUE

1. This Court has subject matter jurisdiction over the federal claims raised in this action pursuant to 28 U.S.C §§ 1331.

2. Declaratory and injunctive relief is authorized by 28 U.S.C. §§ 2201 and 2202, 42 U.S.C. §§1983 and 1988, and Fed. R. Civ. P. 57.

3. Venue in this judicial district is proper pursuant to 28 U.S.C. §1391(b), since a substantial part of the events or omissions giving rise to the claim occurred in this district.

4. Plaintiffs further invoke the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. § 1367(a) to hear and decide claims arising under state law that are so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy.

## PARTIES

5. Plaintiff Christopher Burr is a United States citizen and resident of the State of Michigan. At the time of the subject event, Plaintiff was incarcerated in the Kalamazoo County Jail, operated by Defendant Kalamazoo County through its Sheriff's Office.

6. Plaintiff Justin Harris is a United States citizen and resident of the State of Michigan. At the time of the subject event, Plaintiff was incarcerated in the

Kalamazoo County Jail, operated by Defendant Kalamazoo County through its Sheriff's Office.

7. Plaintiff Andrew Johnson is a United States citizen and resident of the State of Michigan. At the time of the subject event, Plaintiff was incarcerated in the Kalamazoo County Jail, operated by Defendant Kalamazoo County through its Sheriff's Office.

8. Plaintiff Dominique Motton is a United States citizen and resident of the State of Michigan. At the time of the subject event, Plaintiff was incarcerated in the Kalamazoo County Jail, operated by Defendant Kalamazoo County through its Sheriff's Office.

9. Defendant Kalamazoo County is a municipal corporation organized and existing under the Constitution and laws of the State of Michigan. Defendant Kalamazoo County operates the Kalamazoo County Sheriff's Department and employs defendants Sergeant Heather Mitcavish and Deputy Robert Adams.

10. Defendant Sergeant Heather Mitcavish is an official policy maker for Kalamazoo County, including through the Sheriff's Department. Defendant Sergeant Heather Mitcavish exercises authority over operations at the Sheriff's department, including decision on staffing. She is sued in her individual and official capacities.

11. Defendant Deputy Robert Adams was employed by Kalamazoo County at all times relevant to the complaint and exercised authority of Kalamazoo County

in detaining and transporting inmates of the Kalamazoo County Jail, including Plaintiffs. He is sued in his individual and official capacities.

## FACTUAL ALLEGATIONS

12. Plaintiffs hereby incorporate all other paragraphs of this Complaint as if fully set forth herein.

13. Kalamazoo County, through its policymakers, implemented a policy of assigning one Sheriff's Deputy per transport van when transporting inmates between the jail and courthouse.

14. This policy demonstrates a deliberate indifference to the welfare of inmates. Kalamazoo County implemented this policy in intentional incongruity with best practices and advice of the United States Supreme Court precedents. This policy is a moving force behind the constitutional violations cited herein.

15. Kalamazoo County, through its policymakers, also made a deliberate policy choice to refrain from training jail staff on procedures for tracking inmates' transportation. This policy is another moving force behind the constitutional violations cited herein.

16. On May 12, 2025, the Kalamazoo County Sheriff's Office transported Plaintiffs to court from the Kalamazoo County Jail where Plaintiffs were detained pending resolution of their criminal cases.

17. The Sheriff's Office used a passenger van (also referred to as a "transport van") to transport Plaintiffs and other inmates.

18. After the seven inmates finished their business in court on May 12, 2025, several of the inmates called for the attention of Defendant Deputy Robert Adams, asking Defendant Adams to transport them back to jail immediately rather than wait until the end of the court docket.

19. Defendant Adams demonstrated annoyance at the inmates' calls for his attention.

20. Defendant Adams escorted the inmates into a van, shackled them in handcuffs and chains, and drove them to the jail.

21. Defendant Adams drove the van containing the seven inmates into the jail garage, arriving at approximately 4:46pm.

22. Defendant Adams then exited the van, closed the door behind him, and intentionally abandoned the seven inmates in the locked van.

23. Defendant Adams acted with an intention to collectively punish the inmates for annoying him with their earlier calls for immediate transport.

24. The outdoor temperature in Kalamazoo on May 12, 2025, was aproximately 80°F. Inside the van, crowded with seven inmates in an unventilated garage, the temperature rapidly rose to 100°F.

25. The concentration of carbon dioxide trapped inside the van effectively suffocated Plaintiffs and the other inmates.

26. Plaintiffs lost consciousness periodically during this suffocation.

27. The seven inmates stayed trapped in the van for approximately two hours until Plaintiff Dominique Motton kicked out the van window in a desperate attempt to rescue the group.

28. As a result of Plaintiff Motton's efforts, he sustained severe lacerations to his left arm.

29. Plaintiff Motton also had shards of glass lodged in his foot, hip, and back.

30. Plaintiff Johnson experienced bouts of vomiting due the heat exhaustion.

31. During this torture, several Sheriff's Office employees entered the garage, witnessed the inmates suffering inside the van, then exited the garage—providing no relief from the torture.

32. As a direct and proximate result of Defendants' unlawful actions, Plaintiffs sustained, and will sustain into the future, injures and damages including but not limited to the following:

a. Violations of rights guaranteed by the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution;

b. Violations of rights guaranteed by the Michigan Constitution, Article 1, §§ 11, 16 and 17;

c. Economic damages, including but not limited to medical expenses, lost wages, income, and earning opportunity;

d. Noneconomic damages, including but not limited to emotional trauma and suffering;

e. All other damages revealed or discovered in the course of this action.

## COUNT I
## VIOLATION OF PLAINTIFFS FOURTH AMENDMENT RIGHTS TO BE FREE FROM UNREASONABLE SEIZURE 42 U.S.C. § 1983

33. Plaintiffs incorporate by reference the paragraphs above as fully set forth herein.

34. Defendants violated Plaintiffs clearly established right to be free from unreasonable seizures— said right being secured by the Fourth Amendment to the United States Constitution.

35. Defendants' detention of Plaintiffs— locked in a van with three other inmates, parked and abandoned for two hours in an unventilated garage, in 80°F weather, without food, water, or access to restrooms— was objectively unreasonable and did not promote any legitimate, humane carceral goal.

36. In this violation of Plaintiffs' constitutional rights, Defendants acted under color of state law.

37. Defendants' actions were the actual or proximate cause of this unreasonable detention. Defendant Adams acted intentionally and by permission—

express or implied— of his supervisor Defendant Sergeant Mitcavish, and according to Defendant Kalamazoo County's policies and customs, written or established through its policymakers including Defendant Sergeant Mitcavish.

38. Plaintiffs sustained damages as a direct result of Defendants' violation of their constitutional right.

**COUNT II**
**VIOLATION OF PLAINTIFFS' FIFTH AND FOURTEENTH AMENDMENT RIGHTS TO DUE PROCESS 42 U.S.C. § 1983**

39. Plaintiffs incorporate by reference the paragraphs above as fully set forth herein.

40. Defendants violated Plaintiffs' clearly established rights to substantive and procedural Due Process— said rights being secured by the Fifth and Fourteenth Amendments to the United States Constitution.

41. Defendants infringed on Plaintiffs' liberty interests without legal authority. Defendants denied Plaintiffs food, water, and bathroom breaks, and confined him under conditions that caused severe physical discomfort and mental anguish. These infringements extended well beyond those which are consequential to the legitimate carceral goals of pre-trial detention.

42. Defendants did not give Plaintiffs any notice, hearing, or meaningful opportunity to be heard prior to these extreme deprivations of liberty.

43. In this violation of Plaintiffs constitutional rights, Defendants acted under color of state law.

44. Defendants' actions were the actual or proximate cause of this Due Process violation. Defendant Adams acted intentionally and by permission— express or implied— of his supervisor Defendant Sergeant Mitcavish, and according to Defendant Kalamazoo County's policies and customs, written or established through its policymakers including Defendant Sergeant Mitcavish.

45. Plaintiffs sustained damages as a direct result of Defendants' violation of their constitutional right.

**COUNT III**
**VIOLATION OF PLAINTIFFS' EIGHTH AMENDMENT RIGHTS TO BE FREE FROM CRUEL AND UNUSUAL STATE-SANCTIONED PUNISHMENT 42 U.S.C. § 1983**

46. Plaintiffs incorporate by reference the paragraphs above as fully set forth herein.

47. Defendants violated Plaintiffs clearly established right to be free from cruel and unusual, state-sanctioned punishment— said right being secured by the Eighth Amendment to the United States Constitution.

48. Defendants denied Plaintiffs the minimal civilized measure of life's necessities.

49. Defendants acted with deliberate indifference to Plaintiffs' well-being.

50. In this violation of Plaintiffs' constitutional rights, Defendants acted under color of state law.

51. Defendants' actions were the actual or proximate cause of this Due Process violation. Defendant Adams acted intentionally and by permission— express or implied— of his supervisor Defendant Sergeant Mitcavish, and according to Defendant Kalamazoo County's policies and customs, written or established through its policymakers including Defendant Sergeant Mitcavish.

52. Plaintiffs sustained damages as a direct result of Defendants' violation of their constitutional right.

**COUNT IV**
**MONELL LIABILITY**
**42 U.S.C. § 1983**

53. Plaintiffs incorporate by reference the paragraphs above as fully set forth herein.

54. At all times herein, Defendant Kalamazoo County, through its Sheriff's Office and policymakers including Defendant Mitcavish, established or maintained customs, usages, polices or practices set forth above, each of which was a moving force in causing and exacerbating Plaintiffs' injuries and violations of their constitutional rights.

55. Through its policy makers, including Defendant Mitcavish, Defendant Kalamazoo County has the ultimate responsibility and authority to train and

supervise officers of its Sheriff's Office, including Defendant Adams, regarding responsible, ethical, and humane transportation of jail inmates to and from court appearances.

56. Through its policy makers, including Defendant Mitcavish, Defendant Kalamazoo County tolerated, authorized, or permitted a custom, policy, practice, or procedure of disregarding the well-being and safety of jail inmates dependent on their conscientious care.

57. As a direct and proximate result of Defendant Kalamazoo County's policies, practices, customs, actions and inactions, Plaintiffs sustained injuries complained of here.

**DEMAND FOR RELIEF**

Plaintiffs request that this Court:

a. Assert jurisdiction over this matter;

b. Enter judgment in favor of Plaintiffs and against Defendants;

c. Award Plaintiff compensatory and punitive damages;

d. Award costs and attorneys' fees pursuant to 42 U.S.C. § 1988 and 12205; and

e. Grant other appropriate relief

Respectfully submitted,

/s/ *Zachary T. Runyan*

Zachary T. Runyan (P83671)
**Runyan Law Group**
31211 Jefferson Ave.
St. Clair Shores, MI 48082
(248)-341-0794
Zrunyan@runyanlawgroup.com

Dated: October 14, 2026

## **JURY DEMAND**

Plaintiffs, by and through counsel, hereby request a trial by jury in the above-captioned matter.

Respectfully submitted,

/s/ *Zachary T. Runyan*
Zachary T. Runyan (P83671)
**Runyan Law Group**
31211 Jefferson Ave.
St. Clair Shores, MI 48082
(248)-341-0794
Zrunyan@runyanlawgroup.com

Dated: October 14, 2026